IN THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

USCA Case No. 22-12336-JJ
United States District Court, Southern District of Florida
Case No.:  3:21-cv-00600-MCR-HTC

SUNZ INSURANCE COMPANY

Defendant/Appellant

v.

UNITED STATES TREASURY DEPARTMENT, INTERNAL REVENUE SERVICE, ET AL

Plaintiff/Appellee.

**APPELLANT SUNZ INSURANCE COMPANY'S
RESPONSE TO JURISDICTIONAL QUESTION**

KRISTEN M. FIORE, BCS (25766)
**AKERMAN LLP**
201 E. Park Avenue, Suite 300
Tallahassee, FL 32301
Telephone:  (850) 224-9634
Facsimile:  (850) 222-0103
kristen.fiore@akerman.com

EYAL BERGER (11069)
**AKERMAN LLP**
201 E. Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: ( 954) 463-2700
Facsimile:   (954) 463-2224
eyal.berger@akerman.com

AMY M. LEITCH (90112)
**AKERMAN LLP**
50 North Laura Street, Suite 3100
Jacksonville, FL  32202
Telephone:  (904) 798-3700
Facsimile:   (904) 798-3730
amy.leitch@akerman.com

Attorneys for Appellant

USCA Case No. 22-12336-JJ

*Sunz Insurance Company  v. United States Treasury Department, IRS, et al*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE PURSUANT TO FRAP 26.1 AND 11TH CIR. R. 26.1-1

Pursuant to F.R.A.P. 26.1 and 11th Cir. R. 26.1-1, Appellant, SUNZ INSURANCE COMPANY, by and through his undersigned counsel, hereby discloses the following trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock:

1. Akerman LLP (Attorneys for Appellant)
2. Berger, Eyal (Attorney for Appellant)
3. Sunz Insurance Company (Appellant)
4. Fiore, Kristen M. (Attorney for Appellant)
5. Leitch, Amy M. (Attorney for Appellant)
6. Sheehan, Anthony T. (Attorney for Appellee)
7. Rodgers, M. Casey. (U.S. District Judge, N.D. Fla.)
8. United States Treasury Department, IRS (Appellee)

None of the parties has a parent company or is a public company. There are no known stock ticker symbols or publicly traded entities among these parties.

**APPELLANT SUNZ INSURANCE COMPANY'S
RESPONSE TO JURISDICTIONAL QUESTION**

Appellant Sunz Insurance Company ("Sunz") responds to this Court's August 17, 2022, jurisdictional question asking the parties to address whether the bankruptcy court's March 25, 2021, order on the parties' cross motions for summary judgment was a final decision, addressing specifically whether Sunz Insurance Company's claim for turnover of cash collateral remains pending.

Sunz agrees with the Appellee United States Treasury Department, Internal Revenue Service's ("IRS") August 22, 2022, response to the jurisdictional question that states this Court has jurisdiction over this appeal because the bankruptcy court's March 25, 2021, order was a final and appealable order. That order disposed of all of the parties' claims, and the bankruptcy court executed its judgment by closing the proceeding. In short, Sunz' claim for turnover of cash collateral became moot when the bankruptcy court held that the IRS's tax lien prevailed over the security interest claimed by Sunz. In support of this Response, Sunz states:

Sunz filed an Amended Complaint in the bankruptcy court seeking declaratory relief and turnover from the Debtor of all cash collateral, including proceeds in the approximate amount of $1 million (defined variously by the parties and bankruptcy court as, among other things, the "Settlement Proceeds" or "BP Proceeds") from the Debtor's settlement of a claim arising from the 2010 British

Petroleum oil spill (the "BP Claim"). [DE¹ 22 at p. 2 at ¶ 2; p. 3 at ¶ 12; DE 177 at p. 9 (noting that Sunz sought "(1) a declaratory judgment that it holds a "valid, duly perfected, first priority security interest" in the BP Claim, and (2) turnover of the BP Claim proceeds.")] Sunz filed the Amended Complaint against the Debtor, the IRS, and seven other defendants that may have claimed an interest in the Settlement Proceeds through various alleged liens. [DE 22 at pp. 4-5, ¶¶ 17-25]

Sunz alleged two counts for relief: Count I-Action for Declaratory Relief and Count II-Turnover of Cash Collateral against the defendants. [DE 22 at pp. 6-7 at ¶¶ 27-36]

In Count I, Sunz alleged it has a "valid, duly perfected, first priority security interest in the Debtor's cash collateral, including the Settlement Proceeds, superior to the rights and claims of any of the Defendants." [DE 22 at p. 6 at ¶ 28; *see also* ¶ 26 (wherein Sunz alleged "[b]ecause Plaintiff perfected its security interest against all of the Debtor's asset prior to any of the Defendants' alleged interests against the Debtor, Plaintiff has a first position perfected security interest against the Debtor's cash collateral, including the Settlement Proceeds.")]

In Count II, Sunz alleged that it "has a first position lien against the Debtor's cash collateral, including the Settlement Proceeds, [and] the Plaintiff is entitled to

---

¹ "DE" refers to docket entries in the underlying adversary proceeding, Adv. Pro. No. 19-3005-KKS, from which this appeal arises.

2

relief from the automatic stay and the turnover of all of the Debtor's cash collateral, including the Settlement Proceeds" [DE 22 at p. 7 at ¶ 32]

Sunz moved for summary judgment against all of the Defendants on both counts ("Sunz' MSJ"). [DE 74]

The IRS filed a cross-motion for summary judgment ("IRS' MSJ"), asserting (1) Sunz' security interest did not attach to the Settlement Proceeds, and (2) even if the security interest included (sufficiently described) the Settlement Proceeds, the IRS' tax lien has priority over any interest Sunz has in the Settlement Proceeds. [DE 105 at pp. 1-2 ]

Throughout the course of the litigation, the first-lien-priority-position dispute was narrowed down to two parties, Sunz and the IRS. [DE 49-50; DE 160; DE 163, DE 177 at p. 10] All of the other Defendants did not claim any entitlement to the cash collateral superior to Sunz' and the IRS' respective interest. [DE 49-50; DE 160; DE 163] Sunz' and the IRS's respective claims exceeded the amount of the cash collateral. [DE 12 at p. 3 at ¶¶ 10, 13; DE 105 at p. 3 at ¶ 1]

The bankruptcy court ordered that the scope of Sunz' MSJ be limited to the question of whether the collateral description in Sunz' security agreement sufficiently describes the funds at issue such that Sunz' security interest attached to the funds in order to determine the competing security interests of Sunz and the IRS. [DE 142 at p. 3; DE 111]

3

Ultimately, the bankruptcy court denied Sunz' MSJ and granted the IRS' MSJ, finding that "Sunz does not have a security interest in the BP Claim" [DE 177 at p. 2] as "Sunz' security interest did not attach to the BP Claim" [DE 177 at pp. 13-26 (alteration to capitalization)], and that the "IRS has a valid, enforceable tax lien on the BP Claim." [DE 177 at pp. 26-28 (alteration to capitalization)]

Accordingly, the bankruptcy court's March 25, 2021, ruling on the cross summary judgment motions mooted Count II of Sunz' Amended Complaint for turnover of cash collateral. As explained above, in Count II, Sunz alleged that it "has a first position lien against the Debtor's cash collateral, including the Settlement Proceeds, [and] the Plaintiff is entitled to relief from the automatic stay and the turnover of all of the Debtor's cash collateral, including the Settlement Proceeds." [DE 22 at p. 7 at ¶ 32] Sunz' claim for turnover of cash collateral does not remain pending because the bankruptcy court ruled that the "IRS lien prevails over the security interest claimed by Sunz." [DE 177 at p. 29] Because the bankruptcy court ruled that the IRS has a first position lien and as the amount owed to the IRS exceeds the amount of the Debtor's cash collateral, the turnover claim is moot.

Therefore, this Court has jurisdiction over this appeal.

Respectfully submitted,

| | |
|---|---|
| /s/ Kristen M. Fiore<br>KRISTEN M. FIORE, BCS (25766)<br>kristen.fiore@akerman.com<br>myndi.qualls@akerman.com<br>**AKERMAN LLP**<br>201 E. Park Avenue, Suite 300<br>Tallahassee, FL 32301<br>Telephone:  (850) 224-9634<br>Facsimile:  (850) 222-0103 | EYAL BERGER (11069)<br>**AKERMAN LLP**<br>201 E. Las Olas Blvd., Suite 1800<br>Fort Lauderdale, FL 33301<br>Telephone: ( 954) 463-2700<br>Facsimile:   (954) 463-2224<br>eyal.berger@akerman.com<br>jeanette.martinez@akerman.com<br><br>AMY M. LEITCH (90112)<br>**AKERMAN LLP**<br>50 North Laura Street, Suite 3100<br>Jacksonville, FL  32202<br>Telephone:  (904) 798-3700<br>Facsimile:   (904) 798-3730<br>amy.leitch@akerman.com<br>maggie.hearon@akerman.com |

Attorneys for Appellant

# FRAP 32(g)(1) CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitation set forth in FRAP 27(d)(2). This document contains 951 words, excluding the parts exempted by FRAP 32(f) and 11th Cir. R. 32-4.  This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

/s/ Kristen M. Fiore<br>
KRISTEN M. FIORE, BCS

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties in this case whom are registered through the CM/ECF.

/s/ Kristen M. Fiore
KRISTEN M. FIORE, BCS